## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOANN ISAAC,

        Plaintiff,

v.                                       Case No.  3:25-cv-631-MMH-MCR

DANNY WILLIAMS,

        Defendant.

_____/

## <u>O R D E R</u>

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001); <u>see also</u> <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 6, 2025, Defendant, Danny Williams, filed a Notice of Removal (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice ¶ 9. However, the Court finds that Defendant's allegations as to the amount in controversy are insufficient. When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608

F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[1]

Here, Defendant fails to present a "plausible allegation" of the amount in controversy. In support of his contention that the amount in controversy exceeds $75,000, Defendant provides Plaintiff's pre-suit demand letter, in which Plaintiff offered to settle for Defendant's policy limit of $300,000. See Notice ¶ 16; Settlement Communication (Doc. 1-10; Demand Letter). "When referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" Boyd v. State Farm Mut. Auto. Ins. Co., No.

---

[1] The Court notes that Dart, Dudley and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

6:15-cv-1965-Orl-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)).[2] If a pre-suit demand letter provides "a reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis." Id. (quotation and citation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). In contrast, a demand for a lump sum amount "without the slightest suggestion how in the world the plaintiff[] could support such a figure" is considered nothing more than "mere posturing." See Jackson v. Select Portfolio Serv., Inc., 651 F. Supp. 2d 1279, 1281–82 (S.D. Ala. 2009). Here, there is little in the Demand Letter that substantiates the amount in controversy. In the Demand Letter, Plaintiff states she has $21,837.27 in medical bills and that she has "sustain[ed] a herniation at L3-4 and bulging at L4-5." See Notice ¶ 8; Demand Letter at 3. She also notes she "ha[d] a programmable pain pump installed to mitigate her chronic and constant pain," although she does not state whether this was installed due to her alleged injuries in this case or due to her pre-existing "chronic back pain." See Notice ¶ 8; Demand Letter at 2. Although

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Plaintiff's statements in the letter provide some specific information as to the nature and extent of Plaintiff's injuries, they fail to establish that the amount in controversy exceeds $75,000. Without more information, the Court cannot discern whether Plaintiff's offer to settle for $300,000 is a reasonable assessment of the value of her claim or is more akin to mere "puffing and posturing." The Demand Letter therefore does little to establish that the amount in controversy in this action exceeds the Court's jurisdictional threshold.

Moreover, neither the Notice nor the Complaint provide the Court with any specific, factual information by which the Court can determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. In her Complaint, Plaintiff makes only boilerplate allegations of injury similar to those that appear in almost every personal injury complaint. See, e.g., Complaint ¶ 9 (alleging that Plaintiff "was injured in and about her body resulting in pain and suffering, incurred medical and related expenses in the treatment of her injuries, disability, disfigurement, mental anguish, loss of capacity to enjoy life, loss of earnings, loss of earning capacity in the future, and aggravation of a previously existing condition"). But she provides no specific information as to the nature and extent of her injuries. See generally id. Given this information, the Court can do no more than speculate regarding the nature and severity of Plaintiff's injuries and whether they support claims for damages in excess of

$75,000. Notably, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." <u>Pretka</u>, 608 F.3d at 753–54 (second alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of the vague allegations of damages in the Complaint, and in the absence of sufficient information in the Notice regarding the severity of Plaintiff's injuries, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Defendant has failed to provide the Court with sufficient information to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will give Defendant an opportunity to provide the Court with additional information as to the amount in controversy and this Court's diversity jurisdiction over the instant action.

Accordingly, it is

**ORDERED**:

On or before **July 28, 2025**, Defendant shall provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on this 7th day of July, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of record